UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MICHELE CAMPBELL, on behalf of herself and all others similarly situation,

      Plaintiff

  -against-

I.C. SYSTEM, INC.,

      Defendant

------------------------------------------------------------------x

**CLASS ACTION COMPLAINT**

1:17-cv-1111 (BKS/DJS)

## PRELIMINARY STATEMENT

1. The Plaintiff MICHELE CAMPBELL ("Plaintiff") brings this lawsuit based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendant. These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Based upon the Defendant's violations of the FDCPA, as set forth and alleged herein, the Plaintiff, and the class she seeks to represent, are entitled to statutory damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.

## PARTIES

3. The Plaintiff is a natural person.

4. At all times relevant to this Complaint, the Plaintiff was a citizen of, and otherwise resided in, Saratoga County, New York.

5. The Defendant I.C. System, Inc. ("IC"), is a corporate debt collection entity and maintains a principle place of business located at 444 Highway 96 East, St. Paul, Minnesota.

6. The Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

7. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)

## JURISDICTION & VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district.

## FACTS CONCERNING THE PLAINTIFF

10. The Plaintiff is alleged by the Defendant to be indebted to an entity doing business as Northway Animal Emergency Clinic (NAEC) for a debt which was incurred for personal purposes.

11. The monetary obligation alleged to be owed by the Plaintiff is a "debt" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(5).

12. The Plaintiff is a "consumer" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(3).

13. At a time unknown to the Plaintiff the alleged debt went into default and was referred to the Defendant IC for collection purposes.

14. In the attempt to collect the alleged debt from the Plaintiff, the Defendant sent two identical letters to the Plaintiff.

15. One letter is dated January 11, 2017 and the other letter is dated February 17, 2017. A copy of each said letter is attached hereto as Exhibit "1" and incorporated by reference herein.

16. The letter is a standard form computer generated letter which was drafted by persons whose identity(ies) presently unknown by the Plaintiff and otherwise utilized by the Defendant in its normal course of business.

17. The Defendant's form letter states (in part):

>    If you fail to contact us to discuss payment of this account, our client has authorized us to pursue additional remedies to recover the balance due, including referring the account to an attorney.
>
>    Interest at the rate of 16% annually is being accrued by I.C. System, Inc. as of 9/13/2016.
>
>    Please pay this account today or immediately contact us to make payment arrangements.

18. The statements set forth in the collection letter constitute false, deceptive and misleading assertions designed to confuse and mislead the least sophisticated consumer.

19. Although the form letter states that the Plaintiff's account would be forwarded to an attorney by the Defendant, no such referral was ever intended based upon the de minimis amount of the debt, which allegedly totaled $488.23 as said amount is set forth in the February 17, 2017 letter sent by the Defendant to the Plaintiff.

20. The statement concerning the accrual of interest by the Defendant is deceptive and misleading as the statement does not disclose whether the interest accrual constitutes a collection fee or whether the alleged interest accrual is due and owing to the creditor NAEC.

21. The command to contact the Defendant "immediately" constitutes an overall false sense of urgency including in regard to creating the false impression that the Plaintiff's alleged debt would be imminently referred to an attorney unless the Plaintiff contacted the Defendant and made arrangements for payment of the alleged debt.

22. The false, deceptive and misleading statements set forth in the Defendant's collection letter are material in that said statements affect the least sophisticated consumer's decision and/or ability to pay and/or challenge an alleged debt.

## CLASS ALLEGATIONS

23. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

24. This claim is brought on behalf of a class consisting of:

    a. all persons, with addresses in the State of New York, who, within a time period commencing from one year prior to the date of the filing of the Complaint received a collection communication from the Defendant IC which is identical in content and form to the computer generated collection communications sent to the Plaintiff (Exhibit "1" hereto).

25. The identities of all class members are readily ascertainable from records maintained by the Defendant.

26. Excluded from the class defined heretofore herein are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

27. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.

28. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

29. The Plaintiff will fairly and adequately protect the interests of the class defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorney has any interests, which might cause them not to vigorously pursue this action.

30. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure:

    (a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that

the class defined above is so numerous that joinder of all members of the class would be impractical.

31. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant IC utilized false, deceptive and misleading debt collection means in the attempts to collect alleged personal debts.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent members of the class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   (e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

(f) Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. The Defendant violated the FDCPA. The Defendant's violations include, but are not limited to, the following:

The Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading debt collection means during attempts to collect alleged consumer debts;

The Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and legal status of alleged consumer debts;

The Defendant violated 15 U.S.C. § 1692e(5) by threatening unintended legal action in conjunction with alleged consumer debts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff and the class as set forth below:

(i) The maximum statutory damages for himself and the class as are allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(ii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iii) For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands that this case be tried before a Jury.

DATED: New York, New York
September 28, 2017

ROBERT L. ARLEO, ESQ. P.C.

By: / s /  *Robert L. Arleo*
ROBERT L. ARLEO
380 Lexington Avenue
17th Floor
New York, New York 10168
PHONE (212) 551-1115
FAX: (518) 751-1801
Email: robertarleo@gmail.com
Attorney for the Plaintiff

Case 1:17-cv-01111-BKS-DJS   Document 1   Filed 10/05/17   Page 9 of 9